NO. 07-05-0468-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



SEPTEMBER 26, 2006



______________________________



DEXTER DEUWAN MITCHELL, (1) APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 48,922-A; HONORABLE HAL MINER, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant, Dexter Deuwan Mitchell, appeals from a judgment revoking community
supervision and imposing sentence pursuant to a conviction for attempted aggravated
assault. Appellant's counsel has filed a brief in compliance with Anders v. California, 386
U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436
S.W.2d 137, 138 (Tex.Crim.App. 1969). We affirm.

 Appellant entered a plea of guilty to attempted aggravated assault on September
8, 2004. The trial court judge found that the evidence substantiated appellant's guilt,
accepted the plea, found appellant guilty, and sentenced appellant to confinement for 10
years in the Institutional Division of the Texas Department of Criminal Justice. The
confinement portion of the sentence was suspended and appellant was placed on
community supervision for five years.

 The State filed an amended motion to revoke appellant's community supervision
which was heard on December 7, 2005. Appellant pled not true to three of the nine alleged
violations of community supervision but pled true to the remaining six violations. After
hearing testimony, the trial judge found that appellant had committed six violations of his
community supervision, revoked the order placing appellant on community supervision,
and ordered that appellant serve the confinement portion of his sentence in the State Jail
Division of the Texas Department of Criminal Justice. Appellant filed a notice of appeal. 

 Appellant's counsel has filed a brief, in compliance with Anders and Gainous, stating
that she has diligently reviewed the appellate record and is of the opinion that the record
reflects no reversible error upon which an appeal can arguably be predicated. Counsel
thus concludes that the appeal is frivolous. Counsel's brief discusses why, under the
controlling authorities, there is no reversible error in the trial court proceedings and
judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

 Counsel has attached an exhibit showing that a copy of the Anders brief has been
forwarded to appellant and that counsel has appropriately advised appellant of his right to
review the record and file a pro se response to counsel's motion and brief. The clerk of
this court has also advised appellant by letter of his right to file a response to counsel's
brief. Appellant has not filed a response.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds upon which an appeal could arguably be founded. 
See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v.
State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.

 Appellant's counsel has moved for leave to withdraw. See Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.-Waco 1994, writ ref'd). We carried the motion for
consideration with the merits of the appeal. Having done so and finding no reversible error,
appellant's counsel's motion to withdraw is granted and the trial court's judgment is
affirmed.

 

 Mackey K. Hancock

 Justice





Do not publish. 








 
1. This Court will follow the spelling of appellant's name as it appears in the trial court
records. 



dException Locked="false" Priority="63" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Shading 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0311-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

SEPTEMBER 21, 2010

 

______________________________

 

 

VERNON LEE MCBETH, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 57,343-E; HONORABLE DOUGLAS WOODBURN, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            Pursuant to a plea
bargain in 2009, Appellant, Vernon Lee McBeth, was
granted deferred adjudication for the offense of theft, enhanced, and placed on
community supervision for five years and assessed a $250 fine.  The following year, the State moved to proceed
with an adjudication of guilt alleging that Appellant violated three of the
terms and conditions of his community supervision.

            At the hearing on the
State's motion to proceed, Appellant entered a plea of true to the allegations
in the motion.  The trial court heard
testimony then adjudicated Appellant guilty of the original offense and
sentenced him to eighteen years confinement and assessed a $500 fine.  Appellant perfected this appeal.

The clerk's record was filed on September 13, 2010, and it
contains the Trial Court=s Certification of Defendant=s Right of Appeal. 
The options on the form "is a plea-bargain case, and the defendant
has No right of appeal" and "the defendant has waived the right of
appeal" appear to have been marked and then crossed out.  No other options are checked.  Thus, the certification is defective.  See
Dears v. State, 154 S.W.3d 610, 614 (Tex.Crim.App.
2005).  See also Tex. Code Crim. Proc. Ann. art. 42.12, §
5(b) (Vernon Supp. 2009) (amended in 2007 to permit an appeal from an
adjudication of guilt in the same manner as a revocation hearing);[1]
Hargesheimer v. State, 182 S.W.3d 906, 911-12
(Tex.Crim.App. 2006).  

Consequently, we abate this appeal and remand this cause to
the trial court for further proceedings. 
Upon remand, the trial court shall utilize whatever means necessary to
secure a proper Trial Court=s Certification of Defendant=s Right of Appeal in compliance with Rule 25.2(d) in
each cause referenced herein.  Once
properly completed and executed, the certification shall be included in
supplemental clerk's record.  See
Tex. R. App. P. 34.5(c)(2).  The trial court shall cause the supplemental
clerk's record to be filed with the Clerk of this Court by November 5, 2010.  This order constitutes notice to all parties,
pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the
defective certification.  If a supplemental
clerk's record containing a proper certification is not filed in accordance
with this order, this cause will be referred to the Court for dismissal.  See Tex. R. App. P. 25.2(d). 

In abating this appeal we note that the Clerk's Record
reflects a judgment signed July 16, 2010. 
The summary portion of the judgment reflects "Court Costs: see
attached" and the following page contained in the record is a certified
bill of costs, dated July 19, 2010, containing a reference to attorney's fees
for Appellant's court-appointed attorney totaling $2,000.00.[2]
 The judgment further orders
Appellant to pay all court costs "as indicated above."  A review of the Reporter's Record does not
reveal any evidence pertaining to Appellant's ability to reimburse attorney's
fees, nor does it contain a finding by the Court in accordance with Article
26.05(g) of the Texas Code of Criminal Procedure.

A judgment ordering the reimbursement of court-appointed
attorney's fees without sufficient evidence of a defendant's ability to pay can
constitute error cognizable on appeal.   See
Mayer v. State, 309 S.W.3d 552 (Tex.Crim.App.
2010).  Accordingly, we further direct
the trial court to either execute a corrected judgment or provide this Court
with a transcript of the proceeding wherein the Court has determined that Appellant
has financial resources that enable him to offset in part or in whole the costs
of legal services provided.  The trial
court shall cause either a supplemental clerk's record containing the corrected
judgment or a reporter's record of the requested proceedings to be filed with
the Clerk of this Court by November 5, 2010. 
     

It is so ordered.

Per
Curiam

Do not publish.

 

 

 

                                                                                    

 

 

 











[1]See Act of May 28, 2007,
80th Leg., R.S., ch. 1308 § 5(b), 2007 Tex. Gen. Laws
4395, 4397.

 





[2]Although
we are unable to explain how the trial judge signed a judgment on July 16,
2010, which contained an attachment that was not created until July 19, 2010,
the Clerk's Record does represent the Bill
of Costs as being the attachment referred to in the judgment of the court.